Susan LEW, Plaintiff–Appellant,

v.

**SUPERIOR COURT OF CALIFORNIA, City and County of San Francisco, Defendant–Appellee.**

No. 08–15746.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 31, 2009.

Filed Oct. 1, 2009.

John H. Scott, Lizabeth N. De Vries, Esquire, Scott Law Firm, San Francisco, CA, for Plaintiff–Appellant.

John D. Adkisson, Esquire, Hanson Bridgett LLP, San Francisco, CA, Gail Cecchettini Whaley, Sacramento, CA, Patricia Kruse Gillette, Greg J. Richardson, Esquire, Orrick Herrington & Sutcliffe LLP, Hanson Bridgett LLP, for Defendant–Appellee.

Before: KLEINFELD, and B. FLETCHER, Circuit Judges, and DUFFY *, District Judge.

### MEMORANDUM **

Susan Lew appeals from a judgment of the United States District Court for the Northern District of California granting summary judgment to the Superior Court of California. She alleges that she was terminated by the Superior Court on the basis of race and gender; in retaliation for requesting medical leave; and in retaliation for running for judicial office as an Asian Democrat. Lew has brought the following causes of action which must be addressed on appeal: (1) discrimination on the basis of race or gender in violation of Title VII ("Title VII"), 42 U.S.C. §§ 2000e *et seq.;* (2) discrimination on the basis of race or gender in violation of Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900–12996; (3) discrimination or retaliation in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654; (4) discrimination or retaliation in violation of the California Family Rights Act ("CFRA"), Cal. Gov't Code § 12945.2(a); and (5) wrongful termi-

---

* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nation in violation of public policy pursuant to Cal. Gov't Code § 3201.

We review a grant of summary judgment de novo. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004) (citation and footnote omitted). Appellate review is governed by the same standards for summary judgment under Fed.R.Civ.P. 56 as are applied by the trial court. *Qwest Commc'ns, Inc. v. City of Berkeley*, 433 F.3d 1253, 1256 (9th Cir.2006). A party moving for summary judgment must demonstrate that there are no genuine issues of material fact to be tried and that it is therefore entitled to summary judgment as a matter of law. FED.R.CIV.P. 56(c). On a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). This Court may affirm the grant of summary judgment upon any ground supported by the record. *Simo v. Union of Needletrades*, 322 F.3d 602, 610 (9th Cir.2003).

■ Lew alleges discrimination on the basis of race and gender in violation of Title VII and FEHA. The same legal principles apply to claims under Title VII and FEHA; therefore, the claims will be treated together here. *See Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007). Title VII makes it "an unlawful employment practice for an employer … to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1); *see also* Cal. Gov't Code § 12940(a). Lew has not set forth any evidence that the Superior Court judges and staff responsible for her termination made their decision on the basis of race or

gender, rather than because she could not fulfill her responsibilities as a staff attorney for the court. Therefore, summary judgment was appropriately entered in favor of the Superior Court on Lew's Title VII/FEHA claims.

■ Lew alleges that the Superior Court transferred her and then terminated her in violation of the FMLA and the CFRA. The CFRA adopts the same language as the FMLA, and California state courts have held that the same standards apply; therefore, this memorandum will treat both causes of action together. *See Liu v. Amway Corp.*, 347 F.3d 1125, 1132 n. 4 (9th Cir.2003). "An employer may not transfer the employee to an alternative position in order to discourage the employee from taking leave or otherwise work a hardship on the employee." 29 C.F.R. § 825.204(d). To prevail on a claim that FMLA leave was impermissibly considered in the decision to terminate, the employee must prove by a preponderance of the evidence that taking FMLA leave was a negative factor in the decision to terminate her, by using direct or circumstantial evidence, or both. *See Liu*, 347 F.3d at 1136; *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir.2001). However, "[t]he FMLA does not entitle the employee to any rights, benefits, or positions they would not have been entitled to had they not taken leave." *Liu*, 347 F.3d at 1132 (citing 29 U.S.C. § 2614(a)(3)(B)). In this case, there is insufficient evidence to create an issue of material fact that Lew was either transferred or terminated because she asked to take leave in order to take care of her ill husband to preclude summary judgment in favor of the Superior Court.

■ Lew alleges that the Superior Court terminated her in violation of public policy as set forth in Cal. Gov't Code § 3201, which provides, in relevant part,

that "no restriction shall be placed on the political activities of any officer or employee of a state or local agency." Under California law, employment is at-will unless the parties contract otherwise. *See* Cal. Lab.Code § 2922. The tort of wrongful termination is an exception to at-will employment which lies when the termination was predicated on a motivation that violated public policy. *See Stevenson v. Superior Court,* 16 Cal.4th 880, 889, 66 Cal.Rptr.2d 888, 941 P.2d 1157 (Cal.1997).

The California Tort Claims Act ("CTCA") governs all public entities and their employees and all noncontractual bases of compensable damage or injury that might be actionable between private persons. *See* Cal. Gov't Code §§ 810.8, 811.2, 811.4, 814; *see also Caldwell v. Montoya,* 10 Cal.4th 972, 980, 42 Cal.Rptr.2d 842, 897 P.2d 1320 (Cal.1995). Under § 815 of the CTCA, "[e]xcept as otherwise *provided by statute* ... [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815 (emphasis added). Wrongful termination is a common law tort claim, not one authorized by statute. *See Palmer v. Regents of the Univ. of Cal.,* 107 Cal.App.4th 899, 909, 132 Cal.Rptr.2d 567 (Cal.Ct.App.2003).

Even assuming the Superior Court is not immune under the CTCA, Lew has not produced sufficient evidence to create a genuine issue of material fact that she was fired because Republican judges viewed her as a threat. Therefore, there is no genuine issue of material fact precluding entry of summary judgment in favor of the Superior Court on Lew's claim for wrongful termination.

AFFIRMED.